THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JULIO CONDE, Defendant-Appellant.

First District (4th Division)   No. 1—91—1591

Opinion filed November 18, 1993.

Michael J. Pelletier and Pamela Z. O'Shea, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Lou Anne Corey, and Lisa Travis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant, Julio Conde, was convicted of second degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—2) and sentenced to seven years in the Illinois Department of Corrections. Defendant appeals his conviction and resulting sentence, contending that (1) he was not proved guilty beyond a reasonable doubt, and (2) he was improperly sentenced to a seven-year prison term.

We affirm.

On February, 24, 1990, defendant was playing pool with his brother, Victor Menendez, at a tavern located at 3900 North Sheridan Road in Chicago. The victim, Isreal Colon, and his brother and son, Hector and Richard Colon, respectively, were playing pool and drinking beer with defendant and his brother.

At approximately 5 p.m. on the day in question, the victim asked Hector to watch the money, which he left on the bar, while he went to the rest room. While the victim was in the rest room, defendant approached Hector and offered to sell him a jar of coffee he received from his girl friend earlier that day. When Hector refused, defendant picked up the jar of coffee, which was sitting near the victim's money, and left the tavern. When the victim returned to the bar, he noticed that his money was missing. The victim and Richard followed defendant out of the tavern.

Once outside, the victim asked defendant whether he had taken

his money. Defendant's reply was that he did not know the money belonged to the victim. Defendant attempted to return the money, but the victim threw it to the ground and stated that their friendship was more important than the money. Richard attempted to pick up the money from the ground, but Victor lunged at him and the two began fighting. Then defendant threw the jar of coffee and struck the victim in the side of the head. The victim fell and hit his head on the pavement. Thereafter, defendant and Victor ran.

The victim remained unconscious on the ground about 5 to 10 minutes. When he regained consciousness, the victim appeared incoherent and his speech was slurred. He complained of pain but refused any medical assistance. Thereafter, the victim went home and his girl friend, Eva Mendeles, noticed that he had a large bump and a small cut on the back of his head, and that his eyes were glassy. After taking aspirin, the victim went to bed. During the night, Eva heard defendant moaning in pain. She also noticed that he had vomited in the bathroom sink. The next morning, Eva unsuccessfully tried to wake the victim, but, after checking his pulse, she realized that he had died.

At trial, Irene Bentley, a bartender at the tavern where the incident occurred, testified that she was present at the tavern on February 24, 1990. She stated that she observed defendant and the victim outside the tavern discussing the money defendant had previously retrieved from the bar inside the tavern. She further stated that she saw defendant throw a jar of instant coffee which hit the victim on the left side of his head. Likewise, Richard, the victim's son, testified that he was standing about five feet away from defendant and observed him throw the jar of coffee which struck his father.

Also at trial, the forensic pathologist, Dr. Mitra Kalelkar, testified that she performed an autopsy on the victim's body. Dr. Kalelkar stated that the only external injuries she found were bruises and abrasions on the victim's right hand. She also stated that the victim suffered two contusions, each located diagonally opposite on his brain. Dr. Kalelkar further testified that the injuries to the victim's brain resulted from his having fallen and hit his head.

In his defense, defendant testified that while at the tavern on February 24, 1990, he thought the money he took from the bar was change from money he used to buy drinks earlier that day. Defendant further stated that after he exited the tavern, the victim, Richard, and a third individual approached him concerning the money. When defendant attempted to return the money, the victim refused and slapped his face. The jar of coffee, which defendant had been holding, fell to the ground and broke. According to defendant,

Richard began shoving Victor, who attempted to prevent the victim, Richard and the third individual from attacking defendant. The victim slipped and fell to the ground. Defendant denied hitting the victim with the jar of coffee.

At the conclusion of the evidence, the trial court found defendant guilty of second degree murder and later sentenced him to seven years in prison. Defendant filed this appeal.

Defendant initially argues that the State failed to prove him guilty of second degree murder beyond a reasonable doubt. Specifically, defendant contends that undisputed medical evidence contradicts the State's evidence that he hit the victim in the head with a jar of coffee, thereby causing the victim to fall to the ground and sustain the fatal injuries. Defendant also claims that the State failed to show that he possessed the requisite mental state for second degree murder.

■ An accused is guilty of second degree murder when he commits first degree murder, acting under either a sudden and intense passion resulting from serious provocation, or an unreasonable belief in self-defense. (Ill. Rev. Stat. 1989, ch. 38, par. 9—2.) The State need not prove that the defendant's acts were the sole and immediate cause of the victim's death, but rather that they contributed to the victim's death. (*People v. Brackett* (1987), 117 Ill. 2d 170, 176.) Whether the defendant's act actually contributed to the victim's death is a question for the trier of fact. *People v. Gant* (1990), 202 Ill. App. 3d 218, 222-23.

To prove an accused possessed the requisite mental state for murder, the State may show that the accused performed "[a] voluntary and willful act which has the natural tendency to cause death or great bodily harm." (*People v. Foster* (1987), 119 Ill. 2d 69, 88.) Moreover, the trier of fact may infer intent from the character and surrounding circumstances of defendant's acts. (*People v. Kluxdal* (1991), 225 Ill. App. 3d 217, 226.) In any event, unless the evidence, when viewed in the light most favorable to the State, is so unreasonable that a reasonable doubt remains as to defendant's guilt, a finding of guilt should not be disturbed. *People v. Pintos* (1989), 133 Ill. 2d 286, 291-92.

■ After reviewing the record in this case, we cannot say that a reasonable doubt remains as to defendant's guilt. Defendant correctly notes that the medical evidence presented at trial showed that the victim sustained no injury to his head other than the two contusions caused by a fall to the ground. However, two eyewitnesses testified that defendant threw the jar of coffee at the victim. After the jar struck the victim on the head, he fell and hit his head on the ground.

One eyewitness testified that the victim's eyes looked glazed and he appeared to lose consciousness after being hit with the jar of coffee. Hence, we believe the evidence supports a finding that defendant set in motion a chain of events which contributed to the victim's death. See *People v. Brackett* (1987), 117 Ill. 2d 170, 179.

■ Furthermore, we disagree with defendant that the State failed to show he possessed the necessary mental state for murder. The evidence supported the State's theory that defendant hit the victim with a jar of coffee before the victim fell to the ground and sustained the fatal injury, despite defendant's testimony to the contrary. The mental state required to sustain defendant's murder conviction could have been inferred from his voluntary act of throwing the jar of coffee at the victim. (See *People v. Terrell* (1989), 132 Ill. 2d 178, 203-04.) Given our review of the record evidence, we believe that no reasonable doubt remains as to defendant's guilt.

■ Defendant also argues that the trial court improperly considered an element of the offense as an aggravating factor in imposing sentence. Defendant additionally contends that his seven-year sentence is excessive given his background and the character of the offense. However, defendant failed to make any objection concerning his sentence at the sentencing hearing. Consequently, he failed to properly preserve these issues for review. *People v. Clark* (1987), 160 Ill. App. 3d 877, 890.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

CAHILL, P.J., and HOFFMAN, J., concur.